IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT WITHERS, #229157, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-214-WHA |
| ) | [WO] |
| ) | |
| KYLE HEARNS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Robert Withers, a state inmate, challenges actions taken against him during his incarceration at the Elmore Correctional Facility. Upon review of the complaint, the court concludes the plaintiff's claims against the State of Alabama and the Alabama Department of Corrections are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

The law is well-settled that the State of Alabama and its agencies, including the Alabama Department of Corrections, are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the State of Alabama and the

---

[1] The court entered an order granting Withers leave to proceed *in forma pauperis* in this case. *Order of March 12, 2012 - Doc. No. 3*. Despite Withers' payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss claims prior to service of process if it determines the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Withers against the aforementioned defendants are subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the State of Alabama and the Alabama Department of Corrections be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The State of Alabama and the Alabama Department of Corrections be dismissed as defendants in this cause of action.

3.  This case, with respect to the allegations set forth against defendants Hearns, Moore and Mathis, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before May 7, 2012, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 23rd day of April, 2012.

                                             /s/ Susan Russ Walker
                                             SUSAN RUSS WALKER
                                             CHIEF UNITED STATES MAGISTRATE JUDGE